Case 8:08-cr-00008-PJM   Document 46   Filed 09/21/11   Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED SEP 2 1 2011
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND

KEYON ANTHONY MANNING,
Petitioner,

V.

UNITED STATES OF AMERICA,
RESPONDENT

MOTION FOR MODIFICATION OF
SENTENCE PURSUANT TO TITLE
18 U.S.C. § 3582(c) (2) & 1B1.10 of
the U.S.S.G.
Case No. PJM-cr-08-0008(PJM)

FILED __ ENTERED
LOGGED __ RECEIVED

JUL 3 1 2013
AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

SUPPORTING MEMORANDUM OF LAW

TO THE HONORABLE JUDGE Peter J. Messitte OF SAID COURT:

Comes now the Petitioner, KEYON ANTHONY MANNING, acting pro se and submitting this motion before this Honorable Court, for Modification of Sentence Pursuant to Title 18 U.S.C. § 3582 (c) (2) & 1962 (d), counts 1) possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §841, and count 2) possession of a firearm after a felony conviction, in violation of 18 U.S.C. 922(g)

Motion deemed "MOOT" this 31 day of July, 2013.

PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

Motion to Request Modification of Sentence
Pursuant to Title 18 U.S.C. 3582 (c) (2)

Now comes the Defendant, KEYON ANTHONY MANNING, pro se, and respectfully moves this Honorable Court, pursuant to 18 U.S.C. sub-section 3582 (c) (2) and subsection 1B1.10 of the Sentencing Guidelines, to reduce defendants sentence based upon the amendment to 1B1.10 of the Sentencing Guideline becomes effective November 1, 2011 and retroactive November 1, 2011concerning crack cocaine.

In support thereof, Defendant states as follows

1. On September 16, 2009 the Defendant was sentenced to a term of imprisonment of 71 months terms and concurrent five-and three year periods of supervised release, by this Honorable Court on the following counts 1) possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. §841, and count 2) possession of a firearm after a felony conviction, in violation of 18 U.S.C. 922(g)

Case 8:08-cr-00008-PJM   Document 53   Filed 07/31/13   Page 3 of 4

Case 8:08-cr-00008-PJM   Document 46   Filed 09/21/11   Page 3 of 4

2. Applying the applicable provisions of the guidelines as they existed on the date of the defendant's sentencing for 5 grams or more of crack, based on sub-section 2D1.1 (c) of the Guideline this gave the defendant a based level of 21.

7. On June 30 2011, the Sentencing Commission publicly voted unanimously to make the crack cocaine amendment apply to prisoners sentenced before November 1, 2011 for crack cocaine offences. The effective date of retroactivity is November 1, 2011. This would lower the defendants' base level to 20,

8. As established under sub-section 1B1.10 of the Sentencing Guidelines, this amendment is too applied retroactively. Therefore the defendant is entitled to be resentenced under the retroactively applied amendment.

9. After the appropriate adjustments are calculated, the Defendant's offence level for the purposes of resentencing is level.

10. The Defendant's criminal history computation remains a Category IV as, computed in the Presentence Report.

11. The suggested guideline range for an offence Level 20, with a Criminal History Category of IV is 51 to 63 months.
12. If this Honorable Court maintains its position and imposes the same area of the new range, 51 to 63 months would be the Defendants new sentence.

WHEREFORE, based on the foregoing arguments and authorities, this Honorable Court is respectfully urged to reduce the Defendant's sentence and to enter a new Judgment in a Criminal Case reflection said change in the Defendant's sentence, and any other and further relief which this Honorable Court deems just and fair.

Respectfully submitted,

Keyon Manning #37628-037

Dated: 9-16-11